UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT LINTON,

    Plaintiff,

v.                                                    CASE NO. 3:15-cv-653-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and Supplemental Security Income. Plaintiff alleges he became disabled on September 25, 2005. (Tr. 163-69.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on May 29, 2013, at which Plaintiff was represented by an attorney. (Tr. 26-64.) The ALJ found Plaintiff not disabled since August 17, 2011. (Tr. 11-20.)

Plaintiff is appealing the Commissioner's decision that he was not disabled during the relevant time period. Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 8.)

reasons stated herein, the undersigned determines that the Commissioner's decision is due to be **REVERSED and REMANDED**.

I.      **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th. Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

**II.     Discussion**

Plaintiff argues one general point on appeal: that the ALJ erred by finding that Plaintiff's right leg amputation did not meet Listing 1.05B.  More specifically, Plaintiff argues that the ALJ erroneously found that "Listing 1.05B is not met in the present case because the claimant can still ambulate effectively with crutches despite his right leg amputation and prosthesis."  (Doc. 13 at 8.)

Defendant responds that Plaintiff failed to meet his burden of showing that he experienced "stump complications" resulting in medical inability to use a prosthesis to ambulate effectively which have lasted or are expected to last for at least twelve (12) months.  Defendant contends, therefore, that the ALJ committed, at most, harmless error.

**A.     The ALJ's Decision**

The ALJ found that Plaintiff had severe impairments, including degenerative disc disease of the lumbar spine, status post lumbar fusion, right leg above the knee amputation, chronic pain syndrome, chronic obstructive pulmonary disease, diabetes mellitus, hypertension, seizure disorder and substance addiction disorder.  (Tr. 13.)  The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*)

With respect to Plaintiff's right leg amputation, the ALJ articulated the following:

> In particular, the claimant's representative alleged that the severity of the claimant's impairments meets listing 1.05B which requires that the individual have an amputation that effects one or both lower extremities at or above the tarsal region with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively. The listing further requires that the inability to ambulate effectively should last or be expected to last for at least 12 months. However, in the present case, the substantial evidence establishes that the claimant has been able to climb, walk, [and] stand for short periods despite his use of crutches (Exhibits 4F at p. 24, 6F, 24F at 10). Furthermore, even though the claimant testified that he occasionally uses a wheelchair for ambulation, there is no medical evidence that suggests a wheelchair is medically required or that such use has lasted or will last for 12 months due to an objective medical reason. Therefore, the undersigned concludes that Listing 1.05B is not met in the present case because the claimant can still ambulate effectively with crutches despite his right leg amputation and prosthesis.

(Tr. 14.)

The ALJ then determined that Plaintiff had the RFC to perform light work with limitations, including, *inter alia*, that Plaintiff "requires crutches for ambulation." (Tr. 15.) Benefitting from vocational expert testimony, the ALJ determined that the Plaintiff is capable of performing jobs that exist in significant numbers in the national economy, including warehouse checker, small parts assembler, and ticket seller. (Tr. 19-20.) The ALJ concluded that Plaintiff was not disabled since August 17, 2011. (Tr. 20.)

### B.     The ALJ Erred in Analyzing Listing 1.05B

Plaintiff argues that the ALJ erred in his analysis of whether Plaintiff met Listing 1.05B with respect to his right leg amputation.  Plaintiff contends that the ALJ's finding that Plaintiff can "climb, walk, [and] stand for short periods despite his use of crutches," and conclusion that "Listing 1.05B is not met in the present case because the claimant can still ambulate effectively with crutches despite his right leg amputation and prosthesis," fail to show that Plaintiff can "ambulate effectively" without assistive devices.  (Doc. 13 at 7-8.)  The undersigned agrees.

The claimant bears the burden of proving disability at the third step of the sequential evaluation by showing that his impairment meets or equals in severity an impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).  In order to meet Listing 1.05B, an individual needs to show an amputation, due to any cause, of one or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively, as defined in 1.00B2b, which have lasted or are expected to last for a least twelve months.  20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.05B.  Section 1.00B2b defines "the inability to ambulate effectively" as:

> [A]n impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation *without the use of a hand-held*

> *assistive device(s)* that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.00B2b (emphasis added).

Section 1.00B2b further describes that to ambulate effectively:

> [I]ndividuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. . . [E]xamples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, *two crutches* or two canes, *the inability to walk a block at a reasonable pace on rough or uneven surfaces*, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.* (emphasis added).

Here, the ALJ erred in his analysis of Listing 1.05B. For example, the ALJ found that "substantial evidence establishes that the claimant has been able to climb, walk, [and] stand for short periods despite his use of crutches." (Tr. 14.) However, this finding by the ALJ does not denote that Plaintiff can ambulate effectively according to Listing 1.05B. As described above, examples of ineffective ambulation include the inability to walk without the use of two crutches and the inability to walk a block at a reasonable pace on rough or uneven surfaces. The ALJ failed to explain what he meant by his finding that Plaintiff

could ambulate for "short periods" and the evidence cited by the ALJ fails to clarify the finding.  In support of his finding, the ALJ cited three documents: a handwritten, October 28, 2008 Shands Jacksonville Emergency Department Nursing Flowsheet, a February 8, 2011 report of consultative examiner Ciceron V. Lazo, M.D., and emergency department notes dated February 9, 2012.  (Tr. 14, 314, 379-85, 1161.)  Neither document sheds light on Plaintiff's ability to "sustain[] a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living."

In fact, Dr. Lazo's report contradicts a finding that Plaintiff can ambulate effectively.  Dr. Lazo notes Plaintiff's subjective statements that he "can walk about 100 feet, stand for about 10 minutes and climb about 10 stairs with his crutches." (Tr. 380.)  Dr. Lazo also notes that Plaintiff is "unable to heel, toe, tandem walk or squat." (Tr. 382.)  Dr. Lazo opined that Plaintiff "required the use of assistance device [sic] (crutches) to ambulate.  Gait and station appeared to be impaired: stooped forward, slow gait in crutches."  (*Id.*)  The ALJ ultimately afforded Dr. Lazo's opinion "significant weight" and determined that Plaintiff "requires crutches for ambulation" in his RFC.  (Tr. 15, 17.)

Moreover, the ALJ erroneously "conclud[ed] that Listing 1.05B is not met in the present case because the claimant can still ambulate effectively *with crutches* despite his right leg amputation and prosthesis." (Tr. 14 (emphasis added).)  It is clear that an effective ambulation determination requires the ALJ to find that

Plaintiff can ambulate sufficiently without the use of crutches.  *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.00B2b ("Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation *without the use of a hand-held assistive device(s)* that limits the functioning of both upper extremities . . . Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without . . . two crutches . . . The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.") (emphasis added).  In light of the foregoing, the undersigned cannot conclude that the ALJ applied the correct legal standards to his analysis of whether Plaintiff met Listing 1.05B, and that the ALJ's decision in that regard is supported by substantial evidence.

The Commissioner argues that the ALJ's error in the analysis of whether Plaintiff can ambulate effectively constitutes harmless error because Plaintiff failed to meet his burden of proving that "stump complications" caused his inability to ambulate effectively as required by Listing 1.05B.  However, the ALJ merely determined that Plaintiff failed to meet Listing 1.05B because he was able to ambulate effectively without analyzing whether Plaintiff had "stump complications."  The undersigned "cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered."  *Wilkerson v. Colvin*, Case

No.: CV 114-100, 2015 WL 3827105 at *6 (N.D. Ga. June 18, 2015) (citations omitted); *see also Dixon v. Astrue*, 312 F. App'x 226, 229 (11th Cir. 2009) (per curiam) (holding that the court cannot "supply a reasoned basis for [the ALJ's decision] that the [ALJ himself] has not given"); *Mills v. Astrue*, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting that it would be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").  Therefore, the undersigned cannot accept the Commissioner's post-hoc explanations of why Plaintiff does not meet Listing 1.05B.

## III.    Conclusion

In light of the foregoing, the Court cannot conclude that the ALJ applied the correct legal standards with respect to Plaintiff's disability evaluation and that the Commissioner's findings are supported by substantial evidence.  Therefore, this case will be reversed and remanded with instructions to the ALJ to reconsider whether Plaintiff meets Listing 1.05B with respect to his leg amputation.

Accordingly, it is **ORDERED**:

1.      The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to reconsider whether Plaintiff meets Listing 1.05B with respect to his leg amputation.

2.      The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.      Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-mc-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*).

**DONE AND ENTERED** at Jacksonville, Florida, on July 13, 2016.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record